UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT CHRISTOPHER CARPEZZI,

    Plaintiff,

v.                                            Case No: 2:21-cv-180-JLB-MRM

UNITED STATES DEPARTMENT
OF JUSTICE,

    Defendant.

## ORDER

Plaintiff Robert Carpezzi, proceeding pro se, sues the United States Department of Justice ("DOJ") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, for alleged interference with contractual and due process rights, and to compel compliance with the Freedom of Information Act ("FOIA"). (Doc. 23.) DOJ moves to dismiss Mr. Carpezzi's amended complaint, contending that Mr. Carpezzi has not alleged a waiver of the United States' sovereign immunity as to the interference claim and that topics about which he seeks information were not included in a FOIA request. (Doc. 24.) After careful review of the pleadings, the Court agrees. Accordingly, the motion to dismiss (Doc. 24) is **GRANTED**, and the amended complaint (Doc. 23) is **DISMISSED** with leave to amend.

## BACKGROUND

Mr. Carpezzi claims that an unknown individual, potentially a government entity, used his email address to send a bomb threat to an employee of New York law enforcement. (Doc. 25 at 3.) He has sought assistance to investigate the

matter and alleges that the United States "has used surveillance to silence [him] from the press, non profit organizations and attorneys." (Doc. 23 at 4, ¶ 10.) Specifically, he alleges that DOJ interfered with his attempts to hire "countless" attorneys. (Id.) Mr. Carpezzi also suggests that DOJ "shadow banned" his Go Fund Me page, interfered with his bankruptcy proceedings, and thwarted his attempt to work with a non-profit organization. (Id. at 6–7, ¶¶ 15–16, 20.) He alleges that this "interference" violated his right to due process. (Id. at 8, ¶ 26.)

Mr. Carpezzi also alleges that on October 24, 2016 he submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), seeking access to "[a]ll records, including American Online ("AOL") investigation into the illegal hacking and impersonation of Plaintiffs' rccarpezzi@aol.com email address and the FBI's investigation into the matter" and "a complete transcription of January 21, 2016 conversation at FBI headquarters in Denver." (Id. at 2–3, ¶ 6.) He alleges that the FBI responded to his FOIA request on January 9, 2017, and that the FBI wrongfully withheld information pursuant to FOIA exemptions. (Id. at ¶ 7.) He also lists additional requests for information or assistance that he has made, though not expressly pursuant to FOIA. (Id. at ¶¶ 9–21.)

Mr. Carpezzi brings two claims against DOJ: a violation of FOIA, 5 U.S.C. § 552 (Count I), and "intentional interference" in violation of his due process rights (Count II). (Doc. 23 at 8–9.) DOJ has moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 24.) Mr. Carpezzi has responded in opposition. (Doc. 25.)

## LEGAL STANDARD

At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under this standard, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure12(b)(1) may be either a facial or factual challenge to a complaint. McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007). "A 'facial attack' on the complaint require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Id. (quotation omitted).[1]

---

[1] As noted, Mr. Carpezzi is proceeding pro se. "A document filed pro se is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted). Even so, the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993); Moon v.

## DISCUSSION

**I.   Mr. Carpezzi's "interference" claim is due to be dismissed for failure to allege a waiver of sovereign immunity.**

"It is well settled that the United States, as a sovereign entity, is immune from suit unless it consents to be sued." Zelaya v. United States, 781 F.3d 1315, 1321 (11th Cir. 2015). "The FTCA operates as a limited waiver of the United States' sovereign immunity. Unless the United States may be held liable pursuant to the terms of the statute, the sovereign's immunity remains intact, and no subject matter jurisdiction exists." Bennett v. United States, 102 F.3d 486, 488 n.1 (11th Cir. 1996) (citations omitted). Accordingly, a plaintiff seeking to sue the United States under the FTCA must identify an explicit statutory grant of subject matter jurisdiction and a statute that waives the United States' sovereign immunity. Zelaya, 781 F.3d at 1322; see also David v. United States, No. 8:19-CV-2591-T-36JSS, 2020 WL 4734949, at *4 (M.D. Fla. Aug. 14, 2020) (collecting cases).

Mr. Carpezzi's interference and due process claims are due to be dismissed based on his failure to plead facts that establish the United States has waived its sovereign immunity. Indeed, he does not allege that the United States has waived its sovereign immunity as to these claims, and the two statutes he relies on are inapplicable. (Doc. 23 at 1, ¶ 1.) First, FOIA waives sovereign immunity from civil actions brought against federal agencies to compel the production of documents. See 5 U.S.C. § 552(a)(4)(B). Second, the federal question statute, 28

---

Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

U.S.C. § 1331, "gives federal courts original jurisdiction over cases presenting federal questions, but . . . does not imply a general waiver of sovereign immunity." Ajamu v. U.S. Postal Service, No. 6:13-cv-450-Orl-28KRS, 2014 WL 169830, at *9 (M.D. Fla. Jan. 10, 2014). Mr. Carpezzi has thus failed to allege a waiver of the United States' sovereign immunity as to the interference and due process claims, or to respond to the DOJ's contention with persuasive authority. (Doc. 23 at 3–4.)

As the United States correctly contends, to the extent Mr. Carpezzi's intentional interference claim may invoke the FTCA, the FTCA does not waive the United States' sovereign immunity as to "any claim arising out of . . . interference with contract rights." 28 U.S.C. § 2680(h); see also Brestle v. United States, 414 F. App'x 260, 262 (11th Cir. 2011). Mr. Carpezzi's claims that DOJ interfered with his attempt to hire an attorney, his Go Fund Me page, his bankruptcy, and his attempts to seek assistance from Judicial Watch are accordingly barred. Any related due process claims are similarly barred. See Kight v. U.S. Dist. Court, N. Dist. of Ga., 681 F. App'x 882, 883 (11th Cir. 2017) (affirming dismissal of action alleging "Fifth Amendment due process violations, fraud, and negligence" where plaintiff failed to identify a valid waiver of sovereign immunity); see also David, 2020 WL 4734949, at *4 (collecting cases).

Because of this failure, Mr. Carpezzi is unable to carry his burden to establish subject matter jurisdiction. See Ishler v. Internal Revenue, 237 F. App'x 394, 398 (11th Cir. 2007) ("[T]he plaintiff bears the burden of establishing subject matter jurisdiction, and, thus, must prove an explicit waiver of immunity." (internal

citation omitted)).  Accordingly, dismissal is warranted.  See, e.g., David, 2020 WL 4734949, at *4 ("The failure to allege that sovereign immunity has been waived as to the claims asserted and to identify the source of the waiver are fatal defects which subjects this action to dismissal.").

"A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."  Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008).  Mr. Carpezzi shall have one opportunity to amend.

## II. Mr. Carpezzi's FOIA claim is subject to dismissal with leave to amend.

"The FOIA requires a federal agency—upon a request for records reasonably describing documents in that agency's possession—to make those documents promptly available, unless the information within the records is protected from disclosure by a statutory exemption."  Thompson v. Dep't of Navy, 491 F. App'x 46, 48 (11th Cir. 2012).  However, a party must "exhaust all administrative remedies before seeking redress in the federal courts."  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

Here, Mr. Carpezzi alleges that he submitted a FOIA request to the FBI for records related to the hacking and impersonation of his email address and the FBI's investigation into the matter.  (Doc. 23 ¶ 6.)  He does not allege, however—and there is no basis for the Court to reasonably infer—that he submitted a FOIA request or exhausted administrative remedies as to the following topics: a DOJ OIG investigation and IRS tax bill (id. at ¶ 9); interference with hiring an attorney (id. at

¶ 10); an investigation done by James Comey (id. at ¶ 11); an unspecified letter sent to William Barr (id. at ¶ 12); a criminal investigation conducted by the United States Attorney's Office for the Southern District of New York (id. at ¶ 13); a complaint filed with the FBI's Internet Crime Complaint Center (id. at ¶ 14); interference with a Go Fund Me page (id. at ¶ 15); interference with a bankruptcy attorney (id. at ¶ 16); a 2019 complaint filed with the Department of Homeland Security (id. at ¶ 17); an unspecified government whistleblower complaint (id. at ¶ 18); an investigation conducted by FBI Director Christopher Wray (id. at ¶ 19); interference with Judicial Watch (id. at ¶ 20); and records related to Mr. Carpezzi's Google account (id. at ¶ 21). Because Mr. Carpezzi does not allege that he filed FOIA requests or exhausted administrative remedies as to these topics, parts of the FOIA claim may be subject to dismissal. See Taylor, 30 F.3d at 1369–70; Thompson, 491 F. App'x at 48 (dismissing a FOIA claim where the plaintiff failed to administratively appeal the agency's decision before filing his federal action).

In his response, Mr. Carpezzi attempts to withdraw several of the FOIA requests. (See, e.g., Doc. 25 at 8–10; Doc. 23 ¶¶ 9–10, 13, 15–18, 20.) Instead, Mr. Carpezzi will be permitted to file an amended complaint and may elect not to include the relevant allegations. He also appears to contend that he made FOIA requests and exhausted his administrative remedies as to the remaining allegations because they relate to the FBI's investigation of his identity theft. (Doc. 25 at 7–10.) Mr. Carpezzi's contention suffers various shortcomings.

First, several of the allegations concern activity that occurred <u>after</u> his alleged October 24, 2016 FOIA requests.  (Doc. 23 at ¶¶ 6, 9, 13–14, 17, 19.)  Dates are not provided as to other allegations.  (<u>Id.</u> at ¶¶ 10, 12, 15, 16, 18, 20.)  And he does not adequately explain how other requested information, such as records of third-party Google, relates to his FOIA request for FBI investigation information such that the administrative exhaustion requirement is satisfied.[2]

In short, the only FOIA requests alleged for purposes of exhausting administrative remedies are requests to the FBI for "[a]ll records, including American Online ("AOL") investigation into the illegal hacking and impersonation of Plaintiffs' rccarpezzi@aol.com email address and the FBI's investigation into the matter" and "a complete transcription of January 21, 2016 conversation at FBI headquarters in Denver."  (Doc. 23 at 2–3, ¶ 6.)  Mr. Carpezzi's exhaustion of administrative remedies as to those requests is not challenged or subject to dismissal.  To the extent he seeks to raise additional requests in Count I, he must establish that he has satisfied his administrative remedies.  Dismissal with leave to amend is also appropriate to permit Mr. Carpezzi to withdraw certain "FOIA requests."  (Doc. 25 at 8–10.)

---

[2] Indeed, it is unclear to what extent Mr. Carpezzi provides allegations as background to his October 24, 2016 FOIA request, rather than purporting to raise a separate claim under FOIA.  To be sure, there may be overlap between his alleged FOIA request and the additional information he seeks.  In all events, clarity is necessary, and leave to amend will be granted.

## CONCLUSION

The Department of Justice's motion to dismiss (Doc. 24) is **GRANTED**. Mr. Carpezzi's amended complaint (Doc. 23) is **DISMISSED without prejudice** and with leave to amend. On or before April 4, 2022, he may file a second amended complaint consistent with this Order. Failure to do so shall result in the immediate dismissal of this case without additional notice.

**ORDERED** at Fort Myers, Florida, on March 17, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE